Ross A. Boughton, Bar No. 241119
rboughton@fordharrison.com
Timothy L. Reed, Bar No. 258034
treed@fordharrison.com **FORD & HARRISON LLP**
505 Montgomery Street, Suite 1001
San Francisco, CA 94111
Telephone: 415-852-6910
Facsimile: 415-852-6925

Attorneys for Defendant
WALMART INC. (erroneously sued as
WAL-MART STORES, INC.)

Timothy J. Gonzales, Bar No. 234923
tg@brockgonzales.com
Christopher P. Brandes, Bar No. 282801
cb@brockgonzales.com
Lindsay L. Bowden, Bar No. 318685
lb@brockgonzales.com
**BROCK & GONZALES, LLP**
6701 Center Drive West, Suite 610
Los Angeles, CA 90045
Telephone: 310-294-9595
Facsimile: 310-961-3673

Attorneys for Plaintiff
JEROME CHAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME CHAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART STORES, INC., an Arkansas corporation; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:19-CV-00506-TLN-KJN<br><br>**JOINT STIPULATION TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER; ORDER**<br><br>Complaint Filed:　　February 13, 2019<br>Trial Date:　　　　　None Set |

- 1 -

# JOINT STIPULATION

**IT IS HEREBY STIPULATED AND AGREED TO** by and between plaintiff JEROME CHAN ("Plaintiff"), by his attorneys of record, and defendant WALMART INC., erroneously sued as WAL-MART STORES, INC., ("Defendant"), by its attorneys of record, that the following Stipulation may be entered as an Order by the Court to give effect to the stipulations set forth below, namely to modify and revise the dates set in the Initial Pretrial Scheduling Order (Dkt. No. 3):

1. **WHEREAS**, Plaintiff filed his Complaint in the Superior Court for the State of California, County of Solano on February 13, 2019;

2. **WHEREAS**, Defendant timely filed and served an Answer to Plaintiff's Complaint in the Solano County Superior Court on March 20, 2019;

3. **WHEREAS**, on March 21, 2019, Defendant timely removed this action to the above- captioned Court;

4. **WHEREAS**, on March 22, 2019, this Court issued an Initial Pretrial Scheduling Order ("Pretrial Scheduling Order"), which ordered, *inter alia*, the following dates:

   a. Completion of discovery by November 15, 2019 (240 days from Initial Pretrial Scheduling Order);

   b. Designation of expert witnesses by January 14, 2020 (60 days from close of discovery);

   c. Designation of supplemental experts by February 13, 2020 (30 days from expert disclosure);

   d. Last day to file dispositive motions by May 13, 2020 (180 days from close of discovery);

   e. Last day to file joint notice of trial readiness, if no party intends to file a dispositive motion, by March 14, 2020 (120 from close of discovery).

5. **WHEREAS**, the Parties have diligently engaged in initial discovery.

**6.** **WHEREAS**, the Parties are exploring potential resolution of this case and are actively discussing mediation.

**7.** **WHEREAS**, the Parties would like additional time to ensure that sufficient discovery is completed such that the parties can determine whether this matter can resolve through mediation.

**8.** **WHEREAS**, the Parties would like additional time to negotiate an informal settlement and/or participate in mediation prior to completing discovery and filing dispositive motions.

**9.** **WHEREAS**, good cause exists to modify the Pretrial Scheduling Order because further litigation may be unnecessary if the parties are able to resolve the matter either informally or through mediation.

**10.** **WHEREAS**, the parties have not requested any prior modification to the Pretrial Scheduling Order and any successful efforts to resolve the case may result in freeing up the Court's calendar.

**NOW, THEREFORE**, the Parties, by and through their respective counsel of record, **AGREE AND HEREBY STIPULATE** that good cause exists to modify the Pretrial Scheduling Order as follows:

    a. Completion of discovery by January 14, 2020;
    b. Designation of expert witnesses by March 14, 2020 (60 days from close of discovery);
    c. Designation of supplemental experts by April 13, 2020 (30 days from expert disclosure);
    d. Dispositive motion(s) filed by no later than July 12, 2020 (180 days from close of discovery); and
    e. Joint notice of trial readiness, if no party has filed a dispositive motion, filed by no later than May 13, 2020 (120 days from close of discovery).

Ford & Harrison LLP
Attorneys At Law
San Francisco

JOINT STIPULATION TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER
Case No. 2:19-CV-00506-TLN-KJN

**IT IS SO STIPULATED.**

Dated: October 11, 2019    BROCK & GONZALES, LLP

By: */s/ Lindsay L. Bowden (as authorized on October 11, 2019)*
Lindsay L. Bowden, Esq.
Attorneys for Plaintiff
JEROME CHAN

Dated: October 11, 2019    FORD & HARRISON LLP

By: /s/ *Ross A. Boughton*
Ross A. Boughton, Esq.
Attorneys for Defendant
WALMART INC. (erroneously sued as WAL-MART STORES, INC.)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** that the Pretrial Scheduling Order be modified as follows:

    a.    Completion of discovery by January 14, 2020;

    b.    Designation of expert witnesses by March 14, 2020 (60 days from close of discovery);

    c.    Designation of supplemental experts by April 13, 2020 (30 days from expert disclosure);

    d.    Dispositive motion(s) filed by no later than July 12, 2020 (180 days from close of discovery); and

    e.    Joint notice of trial readiness, if no party has filed a dispositive motion, filed by no later than May 13, 2020 (120 days from close of discovery).

**IT IS SO ORDERED.**

Dated: October 15, 2019

_____
Troy L. Nunley
United States District Judge